IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SHULAR CONTRACTING, INC. AND
MICHAEL L. SHULAR                                           PLAINTIFFS

V.                                        CIVIL ACTION NO. 1:09cv206 LG-RHW

GULF CONCRETE, LLC AS SUCCESSOR
BY MERGER WITH BAYOU CONCRETE, INC.                         DEFENDANT

## COMPLAINT

NOW INTO COURT, through undersigned counsel come Shular Contracting, Inc. and Michael L. Shular and for their Complaint against Gulf Concrete LLC as Successor by Merger with Bayou Concrete, Inc. ("Bayou") pleads and prays for relief as follows:

### PARTIES

1. Shular Contracting, Inc. ("Shular Contracting") is a corporation organized and existing under the laws of the State of Tennessee but is qualified to do and is doing business in Mississippi.

2. Michael L. Shular ("Shular") is an adult resident citizen of Tennessee.

3. Bayou is a corporation organized and existing under the laws of the State of Alabama, doing business in Mississippi and who may be served with process by service upon its registered agent, Lori Turner at 5509 Industrial Road, Pascagoula, MS 39581.

### JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332 as this action is between citizens of different states, and the amount in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs. Venue in this Court is proper pursuant to 28 U.S.C. §1392(a) for the reason that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.

## FACTS GIVING RISE TO THIS CAUSE OF ACTION

5. On our about September 4, 2007, Shular Contracting, as prime contractor, and Shular, as owner, entered into a contract for construction of the Holiday Inn located at 9475 Highway 49, Gulfport, Mississippi ("the Project").

6. Thereafter, Shular Contracting, as prime contractor, entered into a subcontract with Keith Waits Construction Company ("Waits") under the terms of which Waits was to perform certain concrete work at the Project.

7. Waits contracted with Bayou who delivered concrete which was incorporated into the work being performed by Waits for Shular Contracting.

8. The concrete provided by Bayou was defective due to excessive air entrainment and/or due to other defects. The defective condition of this concrete was confirmed by a laboratory report prepared at the request of Shular and, on information and belief, the same defective condition was confirmed by one or more laboratory reports requested by Bayou.

9. Bayou was negligent and breached its duty to provide concrete for the Project in a manner that was not defective and that would not cause damage to Shular Contracting and Shular.

10. As a direct and proximate result of Bayou's negligence, Shular Contracting was damaged in the minimal sum of $179,423.36, and Shular was damaged in the minimal sum of $309,818.01, for all of which Bayou is liable to these Plaintiffs.

PRAYER FOR RELIEF

WHEREFORE, Shular Contracting, Inc. prays for judgment in its favor against the Defendant in the minimal sum of $179,423.36, the exact amount to be proven at the trial of this cause, and Michael L. Shular prays for judgment in his favor and against the Defendant in the minimal sum of $309,818.01, the exact amount to be shown at trial, both Plaintiffs also being entitled to pre-judgment interest from the date of their damages, post-judgment interest until fully paid, and all costs of Court.

Respectfully submitted,

SHULAR CONTRACTING, INC. AND
MICHAEL L. SHULAR

BY: _____
Ron A. Yarbrough, MSB #6630
Their Attorney

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Suite 100, The Pinnacle Building
190 East Capitol Street (39201)
Post Office Drawer 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902