IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHULAR CONTRACTING, INC. AND
MICHAEL L. SHULAR                                                    PLAINTIFFS

V.                                               CIVIL ACTION NO. 1:09CV206LG-RHW

GULF CONCRETE, LLC AS SUCCESSOR
BY MERGER WITH BAYOU CONCRETE, INC.                                   DEFENDANT

## ANSWER

COMES NOW Defendant Bayou Concrete, LLC ("Bayou Concrete"), incorrectly named in the Complaint as "Gulf Concrete, LLC as successor by Merger with Bayou Concrete, Inc.," through undersigned counsel, and for Answer to Plaintiffs' Complaint, would show as follows:

### PARTIES

1. The allegations of Paragraph 1 of Plaintiffs' Complaint are admitted.

2. The allegations of Paragraph 2 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein.

3. The allegations of Paragraph 3 of Plaintiffs' Complaint are denied.

### JURISDICTION AND VENUE

4. The allegations of this paragraph state a legal conclusion requiring no response on behalf of this defendant. Bayou Concrete does not challenge jurisdiction or venue at this time.

### FACTS GIVING RISE TO THIS CAUSE OF ACTION

5. The allegations of Paragraph 5 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein. Bayou Concrete is generally aware that Shular Contracting served as the prime contractor and that Michael Shular was the owner of the Holiday

Inn; however, Bayou Concrete has no specific knowledge as to any specific contract executed between the two or the dates when such an agreement would have been executed.

6. The allegations of Paragraph 6 of Plaintiffs' Complaint are denied for lack of sufficient information to justify a belief therein. Bayou Concrete is generally aware that Shular Contracting subcontracted concrete work to Keith Waits Construction Company; however, Bayou Concrete has no specific knowledge as to the terms or scope of any such agreement.

7. The allegations of Paragraph 7 of Plaintiffs' Complaint are admitted.

8. Bayou Concrete admits that some of the concrete supplied on the project was rejected due to excessive air entrainment and had to be replaced. The condition of the concrete that was rejected was confirmed by laboratory reports requested by the parties. Bayou Concrete denies that all of the concrete supplied on this project was rejected and had to be replaced.

9. The allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 are denied.

11. The allegations contained in the PRAYER FOR RELIEF section of the Complaint are denied.

12. Bayou Concrete denies all allegations not heretofore expressly admitted.

13. Without admitting that Bayou Concrete is in any way responsible for any of the alleged damages asserted in the Complaint, Bayou Concrete is entitled to and prays for trial by jury of all issues of fact herein.

As further Answer to the Complaint, Bayou Concrete would show the following affirmative defenses:

## FIRST DEFENSE

The Complaint, and each and every cause of action therein, fails to state a claim or right of action against Bayou Concrete.

## SECOND DEFENSE

The Complaint is barred by prescription or the applicable statute of limitations.

## THIRD DEFENSE

The damages of which Plaintiffs complain were caused by the fault, conduct, and actions of other persons or entities for whom Bayou Concrete has no legal responsibility including, but not limited to, the fault of Keith Waits Construction Company, Shular Contracting, Inc, Michael Shular and/or others.

## FOURTH DEFENSE

Bayou Concrete pleads contributory negligence.

## FIFTH DEFENSE

Bayou Concrete pleads assumption of the risk.

## SIXTH DEFENSE

Bayou Concrete would show that Plaintiffs have failed to mitigate their damages.

## SEVENTH DEFENSE

The damages of which Plaintiffs complain were not the proximate result of any acts or omissions of Bayou Concrete.

## EIGHTH DEFENSE

Any alleged damages sustained by Plaintiffs were not the proximate result of any breach of any warranty, duty and/or contractual obligation made by Bayou Concrete.

## NINTH DEFENSE

If the subject concrete is no longer available for inspection in its post-incident condition, the circumstances would possibly constitute a spoliation of evidence. Bayou Concrete, therefore, would be entitled to a judgment as a matter of law or, alternatively, an adverse inference instruction.

## TENTH DEFENSE

Bayou Concrete avers that the subject concrete was sold without warranty, expressed or implied. Accordingly, all warranty and other claims or remedies are barred.

## ELEVENTH DEFENSE

In the alternative, and only in the event that Bayou Concrete is deemed to be at fault for the damages and/or injuries complained of herein, which is at all times specifically denied, then in that event, Bayou Concrete would plead that any recovery herein is limited to the amounts paid by Plaintiffs and/or that Bayou Concrete is entitled to a credit or set-off for the concrete that was not rejected.

## TWELFTH DEFENSE

Plaintiffs have failed to plead with particularity certain causes of action against Bayou Concrete.

## THIRTEENTH DEFENSE

Plaintiffs have failed to join necessary and/or indispensable parties.

## FOURTEENTH DEFENSE

Bayou Concrete avers that there was no causal relationship between the damages Plaintiffs seek recovery in this case and any act or omission by Bayou Concrete.

## FIFTEENTH DEFENSE

Bayou Concrete avers that Plaintiffs' claims herein are governed, in whole or in part, by the Uniform Commercial Code. Any and all defenses therein provided are adopted herein by reference.

## SIXTEENTH DEFENSE

Bayou Concrete relies on any and all defenses available under Miss. Code Ann. § 11-1-63 and is entitled to an allocation of fault, if any, in accordance with Miss. Code Ann. § 85-5-7.

## SEVENTEENTH DEFENSE

Plaintiffs' alleged damages were caused by a superseding or intervening cause.

## EIGHTEENTH DEFENSE

Bayou Concrete asserts the defense of misuse and/or abnormal use of the concrete and/or failure to follow proper instructions and/or customary industry and trade standards.

## NINETEENTH DEFENSE

Plaintiffs' failure to provide Bayou Concrete with requisite notice of any alleged breach of warranty and failure to comply with any other applicable requirements of the Mississippi Uniform Commercial Code before filing the present litigation, as required by law, bars or limits Plaintiffs' claims.

## TWENTIETH DEFENSE

Any common law claims by Plaintiffs are preempted by the Mississippi Products Liability statute found at Miss. Code Ann. § 11-1-63, which is the exclusive remedy for products liability claims in Mississippi.

## TWENTY-FIRST DEFENSE

To the extent that the negligence or fault of Plaintiffs, Keith Waits Construction, and/or others was a proximate cause, either in whole or in part, of the alleged damages, Bayou Concrete would affirmatively plead that any recovery should be apportioned to the degree to which their respective negligence or fault contributed to the alleged damages, if any, pursuant to the Mississippi law of comparative negligence and Miss. Code Ann. § 11-7-15.

## TWENTY-SECOND DEFENSE

Bayou Concrete invokes all rights afforded under Mississippi's 1993, 2002 and 2004 Tort Reform Acts.

## TWENTY-THIRD DEFENSE

Bayou Concrete is not responsible for the acts and/or omissions of the general contractor and/or its subcontractors, suppliers, agents or employees or any other persons at the site or otherwise, furnishing or performing any of the work for construction means, methods, techniques, sequences or procedures, including safety procedures, precautions or programs incident thereto. Nor did Bayou Concrete, by its conduct, assume any of such obligations.

## TWENTY-FOURTH DEFENSE

Bayou Concrete complied with its general duty to exercise ordinary care as a reasonably prudent person under same or similar circumstances. Bayou Concrete met the applicable standard of care.

## TWENTY-FIFTH DEFENSE

Bayou Concrete reserves all defenses set forth in Fed. R. Civ. P. 8(c), as well as any other matter constituting an avoidance or affirmative defense.

## TWENTY-SIXTH DEFENSE

Bayou Concrete is entitled to and prays for trial by jury of all issues of fact herein.

## TWENTY-SEVENTH DEFENSE

Bayou Concrete is entitled to a common law set-off for the amount alleged in the Complaint.

WHEREFORE, Bayou Concrete, LLC prays that this Answer be deemed good and sufficient and, after due proceedings are had, there be judgment herein in its favor and rejecting the claims of Plaintiffs, at Plaintiffs' cost, and for full and equitable relief as the nature of the case may permit. Bayou Concrete, LLC prays for a trial by jury on all issues of fact triable by a jury herein.

## COUNTERCLAIM

As further Answer to the Complaint, Bayou Concrete files this its Counterclaim against Shular Construction, Inc. and Michael L. Shular, and would show unto Court as follows:

1. Shular Contracting, Inc. is a corporation organized and existing under the laws of the State of Tennessee with a principal place of business in a state other than Mississippi.

2. Upon information and belief, Michael L. Shular is an adult resident of Tennessee.

3. Bayou Concrete, LLC. ("Bayou Concrete") is a limited liability company organized and existing under the laws of the State of Mississippi with its principal place of business in the State of Mississippi. Bayou Concrete is a wholly owned subsidiary of a Mississippi corporation, which has its principal place of business in Mississippi.

4. Bayou Concrete is entitled to and prays for a jury on all issues of fact herein.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court on the Counterclaim is proper pursuant to 28 U.S.C. § 1367(a).

6. Jurisdiction in this Court on the Counterclaim is also proper independent of the original Complaint pursuant to 28 U.S.C. § 1332 as the parties to the Counterclaim are citizens of different states and the amount in controversy exceeds the jurisdictional minimum.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the Counterclaim occurred in this judicial district and division.

## COUNT ONE - BREACH OF CONTRACT

8. On or about November 27, 2007, Shular Contracting, Inc. executed a Credit Application and Agreement to Pay Accounts with Bayou Concrete obligating it to pay for any concrete ordered under its account.

9. Shular Contracting, Inc. subsequently ordered $85,978.11 worth of concrete on its account.

10. The concrete ordered by Shular Construction was delivered to and used by Shular Construction.

11. Shular Construction has failed to pay its outstanding balance for concrete that was delivered to and used by Shular Construction.

12. Pursuant to the terms and conditions of the Credit Application and Agreement to Pay Accounts, Bayou Concrete is entitled to payment in the amount of $85,978.11, plus interest, costs, and attorneys' fees for collection.

## COUNT TWO - UNJUST ENRICHMENT

13. Bayou Concrete adopts by reference paragraphs 1-11 of the Counterclaim.

14. Bayou Concrete delivered concrete for use in the construction of the Holiday Inn located at 9475 Highway 49, Gulfport, Mississippi, with the expectation that it would receive payment in full for the concrete.

15. The concrete ordered on Shular Construction's account was delivered to and used in the construction of the Holiday Inn.

16. There were no problems reported with the concrete ordered on Shular Construction's account.

17. Shular Construction, Inc. received a benefit from the use of concrete ordered under its account.

18. Michael L. Shular received a benefit from the use of concrete ordered under Shular Construction's account.

19. Shular Construction, Inc and Michael L. Shular would be unjustly enriched if they were permitted to benefit from concrete that was accepted and used, but never paid for.

WHEREFORE, Bayou Concrete, LLC prays that this Counterclaim be deemed good and sufficient and, after due proceedings are had, there be judgment issued herein in its favor against Shular Construction, Inc. in the amount of $85,978.11, plus interest, costs, and attorneys' fees for collection. Bayou Concrete, LLC prays for a trial by jury on all issues of fact triable by a jury herein. Alternatively, Bayou Concrete, LLC prays for judgment in its favor against Shular Construction, Inc. and Michael L. Shular in the amount of $85,978.11, plus post-judgment interest and cost until fully paid.

Respectfully submitted,

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

By /S/ Richard W. Franklin
    RICHARD W. FRANKLIN (MS Bar #100467)
    ANDREW W. MARTIN, JR. (MS Bar #102769)

Attorneys for Bayou Concrete, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that I have on April 8, 2009, served a copy of the foregoing pleading on:

Ron A. Yarbrough, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS 39205-0119

by electronic filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.

By /S/ Richard W. Franklin