IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHULAR CONTRACTING, INC. AND
MICHAEL L. SHULAR                                          PLAINTIFFS

V.                                      CIVIL ACTION NO. 1:09CV206LG-RHW

GULF CONCRETE, LLC AS SUCCESSOR
BY MERGER WITH BAYOU CONCRETE, INC.                        DEFENDANT

## ANSWER TO COUNTERCLAIM AND THIRD PARTY COMPLAINT AGAINST KEITH WAITS CONSTRUCTION COMPANY

NOW INTO COURT, through undersigned counsel, come Shular Contracting, Inc. ("Shular Contracting") and Michael L. Shular ("Shular") and, for their answer and defenses to the counterclaim filed against them, show as follows:

### FIRST DEFENSE

If Shular Contracting and/or Shular are liable to Bayou Concrete, their liability is substantially less than the liability of Bayou Concrete to each of them, and they are entitled to assert the right of recoupment and set off.

### SECOND DEFENSE

Shular Contracting and Shular plead the Statute of Frauds as to any and all claims asserted by Bayou Concrete against them arising out of any failure of payment to Bayou Concrete for materials ordered by Keith Waits Construction Company ("Waits") or any other third party for whom the plaintiffs have not agreed in writing to serve as guarantors.

### THIRD DEFENSE

The counterclaim fails to state a claim upon which relief may be granted.

## ANSWER

AND NOW, answering the specific allegations of the Counterclaim, each of the following numbered paragraphs corresponding thereto, Shular Contracting and Shular say as follows:

1. Admitted.

2. Admitted.

3. The allegations of the first sentence are admitted. The remaining allegations are denied for want of knowledge or information sufficient to form a belief to the truth thereof.

4. These allegations require no response from Shular Contracting and Shular.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied, although Shular Contracting admits it ordered some concrete from Bayou Concrete.

10. Admitted.

11. Shular Contracting would affirmatively show that it is entitled to set off or recoup against Bayou Concrete any amount otherwise owed to Bayou Concrete.

12. Denied as to the amount claimed as owed. The remaining allegations are denied to the extent that they are at variance with the terms of the Credit Application and Agreement to Pay Accounts.

13. Shular Contracting and Shular incorporate their prior responses.

14. It is admitted that Bayou Concrete delivered concrete for use in constructing the Holiday Inn, but the remaining allegations are denied for want of knowledge or information sufficient to form a belief as to the truth thereof.

15. Admitted.

16. Admitted to the extent that this allegation relates only to concrete ordered by Shular Contracting as opposed to concrete ordered by Waits.

17. Admitted.

18. Admitted.

19. Denied, as is the following unnumbered prayer for relief.

AND NOW, having answered every allegation of the counterclaim filed against them, Shular Contracting and Shular pray that the counterclaim will be dismissed with prejudice, that judgment will be entered in their favor and against Bayou Concrete as prayed for in their Complaint, with all costs taxed to Bayou Concrete.

## THIRD PARTY COMPLAINT AGAINST
## KEITH WAITS CONSTRUCTION COMPANY

AND NOW, pursuant to Rule 14(a), Federal Rules of Civil Procedure, Shular Contracting and Shular assume the role of third-party plaintiffs and plead and pray for relief as follows:

1. Shular Contracting, Inc. ("Shular Contracting") is a corporation organized and existing under the laws of the State of Tennessee but is qualified to do and is doing business in Mississippi.

2. Michael L. Shular ("Shular") is an adult resident citizen of Tennessee.

3. Keith Waits Construction Company is a Mississippi corporation upon whom service of process may be had by serving Keith Waits at 5062 Road 131, Saucier, MS 39574.

4. This Court has supplemental jurisdiction over this third-party complaint, and venue is proper in this Court pursuant to 28 U.S.C. § 1392 (a) for the reason that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and division.

5. On or about September 4, 2007, Shular Contracting, as prime contractor, and Shular, as owner, entered into a contract for construction of the Holiday Inn located at 9475 Highway 49, Gulfport, Mississippi ("the project").

6. Thereafter, Shular Contracting, as prime contractor, entered into a subcontract with Waits under the terms of which Waits was to perform certain concrete work at the project. A true and correct copy of that Subcontract is attached hereto as Exhibit "A".

7. Waits purchased concrete from Bayou Concrete for use at the project.

8. Bayou Concrete has asserted a complaint against Shular Contracting and Shular for amounts claimed due for the purchase of concrete, including concrete purchased by Waits.

9. To the extent that Bayou seeks to recover from Shular Contracting and Shular for concrete purchased by Waits, Shular Contracting and Shular are entitled to a judgment for indemnification in their favor and against Waits.

## PRAYER FOR RELIEF

WHEREFORE, Shular Contracting and Shular pray for judgment in their favor and against Waits, as indemnity, for any judgment that may be entered against them and in favor of Bayou Concrete for concrete purchased by Waits, together with interest as allowed by law, attorneys' fees and all costs of Court.

Respectfully submitted,

SHULAR CONTRACTING, INC. AND MICHAEL L. SHULAR

BY: /s/ Ron A. Yarbrough
Ron A. Yarbrough, MSB # 6330

OF COUNSEL:

BRUNINI, GRANTHAM,
 GROWER & HEWES, PLLC
Suite 100, The Pinnacle Building
190 E. Capitol Street (39201)
Post Office Drawer 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following:

Mr. Richard W. Franklin
Armbrecht Jackson, LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602

THIS the 27th day of April, 2009.

/s/ *Ron A. Yarbrough*
Ron A. Yarbrough