## CONSTRUCTION CONTRACT- REVISED

THIS CONSTRUCTION CONTRACT, made this <u>22nd</u> day of <u>August, 2007</u>, by and between Shular Contracting, Inc., a Tennessee corporation with principal office at P.O. Box 490, 1222 Gay Street, Dandridge, Tennessee 37725 (hereinafter "Contractor") and <u>Keith Waits Construction Company</u>, Inc. a (<u>corporation</u>, LLC, LP, individual, or partnership) with a federal tax identification number of <u>20-2062246</u> and with principal offices located at <u>5062 CC Road, Saucier, MS 39574</u> (hereinafter "Subcontractor").

In consideration of the mutual covenants and promises hereinafter provided, it is hereby agreed as follows: (From Estimate/Contract Dated: 5/23/07, Estimate # 370)

1) **Work.** The Subcontractor agrees to timely furnish and provide all work, materials, services, tools, labor, equipment, and supplies necessary or required to fully do, perform, and complete, without any exceptions unless specifically provided in this contract, the following:

*Concrete Work:*

| | |
|---|---|
| • Pile Caps (4,000 psi) | $110,200.00 |
| • 4" Thick Slab on Grade (3,000 psi) w/o Pool | $ 60,432.00 |
| • Concrete Girder Walls (3,000 psi) | $ 33,687.00 |
| • Concrete Columns (3,000 psi) | $ 66,040.00 |
| • Shear Walls | $ 43,440.00 |
| • Partial Concrete Walls | $ 19,169.00 |
| • Bolts, Washers, Curing Compound, Etc. | $ 4,000.00 |
| • Pump Truck | $ 19,800.00 |
| • Rebar Fabricated and Delivered | $ 57,961.00 |
| • Misc. Forms, Wall Ties, Etc. | $ 6,500.00 |
| • Rear Terrance | $ 1,627.20 |
| **Total:** | **$422,856.20** |

*Exclusions:*

- Permits
- All Fill Material
- Any Concrete Site Work
- Termite Poison Treatment
- Swimming Pool and Pool Deck

[Handwritten annotations:
PDL KW • Power Source
KW • Crane to be Supplied by others Only if lull won't LIFT materials to upper floors
• GC to Supply Lull
• testing
PDL 9-24-07]

(hereinafter sometimes referred to as "Work") in the construction of

    a. **Project Name:** Holiday Inn, Gulfport, MS

    b. **Owner Name:** Michael L. Shular

    c. **Project Location:** 9515 Hwy 49, Gulfport, MS 39503

in accordance with the terms and provisions of the contract between the Owner and the Contractor dated _____ and/or all the General and Special Conditions, plans, drawings, and specifications and any addenda thereto relating to the specified work prepared by W.R. Eades, Jr. together with any other documents forming or by reference made a part of the contract between the Contractor and Owner (said contract, conditions, plans, drawings, specifications and addendums being hereinafter collectively referred to as "Contract Documents"), all of which shall be considered part of this contract by reference thereto. Said Work shall be performed and completed in a good and workmanlike manner in accordance with such Contract Documents. Subcontractor shall be bound by the terms of the Contract Documents insofar as each and every part thereof is applicable to this contract. The Subcontractor herewith assumes towards the Contractor any and all obligations and responsibilities applicable to the

## EXHIBIT A

Subcontractor's Work which by the foregoing Contract Documents the Contractor assumes towards the Owner.

2) **Payment.** At such time that the Subcontractor shall fulfill this contract to the satisfaction of the Contractor, Owner, and architect or engineer(s), the Contractor agrees to pay the Subcontractor for furnishing the materials and performing the Work, as specified herein, the sum of **Four Hundres Twenty Two Thousand, Eight Hundred Fifty-Six and 20/100 Dollars ($ 422,865.20),** subject to additions and deductions for changes to the scope of the Work agreed upon or determined, as hereinafter provided. Partial payments will be made to the Subcontractor each month in an amount equal to 90 percent of the value of the Work (including materials incorporated in the construction and/or materials delivered to the job site by the Subcontractor), as estimated by the Contractor or architect or engineer, less the aggregate of previous payments, but such partial payments shall not become due to the Subcontractor until ten (10) days after the Contractor receives payment for such Work (including materials) from the Owner. Upon complete performance of this contract by the Subcontractor and final approval and acceptance of Subcontractor's Work by the Contractor and/or Owner, the Contractor will make final payment to the Subcontractor of the balance due under this contract within ten (10) days after full payment for such Work and materials has been received by the Contractor from the Owner. No partial payment to the Subcontractor shall operate as approval and acceptance of Work done and/or materials furnished under this contract. The Contractor reserves the right to deduct from any amounts due or to become due to the Subcontractor any sum or sums owing by the Subcontractor to the Contractor. Further, in the event of any breach of this contract by the Subcontractor, or in the event of the assertion by other parties of any claim or lien against the Contractor, Owner, or the project premises arising out of the Subcontractor's performance of this contract, the Contractor shall have the right to retain or withhold from any payment due or to become due to the Subcontractor an amount sufficient to completely protect the Contractor from any and all such loss, damage, or expense until such matter has been satisfactorily remedied and resolved by the Subcontractor.

3) **Changes in Work.** The Contractor may at any time by written order, and without notice to the Subcontractor's sureties, make changes in, additions to, and omissions from the Work to be performed and materials to be furnished under this contract, and the Subcontractor shall promptly proceed with the performance of this contract as so changed. Any increase or decrease in the contract price resulting from changes shall then be agreed upon in writing by the parties hereto. Any resulting claim for adjustment of the contract price must be made in writing with ten (10) days from the date such changes are ordered. No increase or decrease in the contract price shall be binding unless agreed upon in writing by the parties hereto.

4) **Time for Performance.** It is agreed that time is of the essence in this contract. The Subcontractor shall perform the Work undertaken in a prompt and diligent manner whenever such Work, or any part of it, becomes available, or at such other time or times as the Contractor may direct. The Subcontractor shall not, by delay or otherwise, interfere with or hinder the Work of the Contractor or any other Subcontractor and shall complete such Work as directed by the Contractor. In the event the Subcontractor fails to comply, for any reason whatsoever, with the provisions herein as to manner and time of performance, and the failure is not corrected with three working (3) days after written notice by the Contractor to the Subcontractor, the Contractor may, without prejudice to any other right or remedy, take over and complete the performance of this contract, at the expense of Subcontractor, or the Contractor may, without taking over the work, furnish the necessary materials and/or employ the workmen necessary to remedy the failure, all at the expense of the Subcontractor.

5) **Delays in Performance.** Should the Subcontractor be obstructed or delayed in the performance or completion of the Work by the act, neglect, delay, or default of the Contractor, or architect or engineer, or any other Subcontractor engaged by the Contractor or Owner, or by any damage which may occur by reason of fire, lightning, earthquake, cyclone, strike and/or other cause beyond the control of either party hereto, then the time fixed for the completion of the Work shall be extended for a period equivalent to the time lost by reason of any or all the causes heretofore mentioned. Provided, however, that no such allowance shall be made unless a claim therefore shall be presented in writing to the Contractor within 48 hours of the occurrence of such delay, and such extension of time shall be approved by the Owner and the architect or engineer. *In the event of a delay, Contractor shall absorb rental fees on Horm system. Subcontractor has 2 months of terms*

6) **Indemnification.** Subcontractor hereby agrees to indemnify and hold the Contractor harmless from any and all claims, demands, suits, liability, expense (including but not limited to reasonable attorney fees), or damage for the following:

   a. Any alleged or actual infringement or violation of any patent or other protected right arising in connection with Work that is the subject of this contract and anything done under the terms of this contract.

   b. Injuries to persons and/or property, including death, on account of or resulting from any act or omission of the Subcontractor, or any of its officers, agents, employees, or servants.

   c. Damages resulting to or from the Work and/or improvements by reason of the failure of *scheduled. This will apply only if Time is delayed due to Fault of others.*

2

*PPL 9-24-07*

Subcontractor to timely perform and complete its obligations and responsibilities set forth herein.

　　d. Damages or losses resulting from or incident to the breach of any condition or provision of this contract.

7) **Damage to Work.** It is understood and agreed that the Work provided for in this contract constitutes only a part of the Work being performed for the Owner by the Contractor and/or other Subcontractors. The Subcontractor therefore agrees to perform the Work set forth in this contract in such manner that will not injure or damage any other Work performed by the Contractor and/or any other Subcontractor. The Subcontractor further agrees to indemnify and hold harmless the Contractor for any damage that may be caused to such other Work by the Subcontractor or its agents, servants or employees. Subcontractor shall be required to pursue any claims that it might have as a result of such damage directly against the other Subcontractors and/or others who caused or contributed to such damage.

8) **Scheduling.** It is understood and agreed that the Contractor shall, at all times, have the right to direct the schedule, order, and sequence of performance of all construction activities and Work under the Contract Documents. The Contract Documents direct the furnishing of progress schedules. The Subcontractor agrees that such schedules may be changed by the Contractor and that the Subcontractor will follow any amended or modified schedules without additional costs.

9) **Independent Contractor; Records; Compliance.** The Subcontractor agrees that it is, or prior to the commencement of the Work hereunder will become, an Independent Contractor and Employer subject to all applicable Unemployment Compensation Statutes and/or other applicable laws. The Contractor is not and shall not be considered or deemed as the employer of Subcontractor and/or its employees for any purpose or reason whatsoever, including, but not limited to, keeping records, making reports and payments of wages, unemployment compensation taxes or contributions. The Subcontractor hereby agrees to indemnify and hold the Contractor harmless for any expense or liability, of whatsoever nature and kind, incurred or imposed by law or regulation in connection with the Subcontractor and/or its agents, servants, and employees. The Subcontractor agrees that it will keep and maintain available all necessary and appropriate records and make all payments, reports, collections, and deductions, and otherwise do any and all things so as to fully comply with all Federal, State and municipal laws, ordinances, and regulations in regard to any and all of the following:

　　a. The production, purchase, sale, furnishing, delivering, pricing, storing, discarding, and use or consumption of materials, supplies and equipment;

　　b. The employment of personnel and employees, including but not limited to terms and conditions of employment;

　　c. The keeping of records, making reports, and the payment, collection, and/or deduction of Federal, State, and municipal taxes and contributions;

　　d. All other matters in connection with this Construction Contract.

10) **Assignment.** The Subcontractor shall not assign, transfer, or sublet this contract or any part thereof without the prior written consent of the Contractor.

11) **Signs.** The Subcontractor shall not place advertising signs of any kind upon the project site without prior written approval of the Contractor.

12) **Premises/Work Area.** Subcontractor will keep its Work area clean at all times and remove any excess material and trash from job site, daily. Subcontractor shall not bury, pour, spill, or otherwise dispose of any materials (including but not limited to oil, gas, acids, fluids, and other type substances) deemed hazardous and/or toxic on or near work area or the premises being improved. Subcontractor shall not, at any time, permit explosives or any other materials considered hazardous or extremely flammable to be placed or stored on or near the work area or premises being improved.

13) **Disputes.** In the event that any disputes shall arise between the trades or crafts employed on the project as to which trade or craft should be assigned to do any particular portion of the Work to be performed, the Contractor reserves the right to assign such Work. The Subcontractor agrees that it will not make any specific assignments of disputed Work without the Contractor's consent and approval.

14) **Defective or inadequate underlying work.** The Subcontractor has an express obligation to the Contractor and Owner not to perform the Work on top of work by others which is or may be defective, substandard, or inadequate. The Subcontractor has an obligation to the Contractor and Owner to check underlying Work and to notify the Contractor promptly if any prior work is found to be defective, substandard, or inadequate before continuing further.

15) **Insurance.** The Subcontractor hereby certifies that it has in full force and effect insurance as listed below. Subcontractor further agrees that such insurance will be maintained in full force and effect until completion of this contract. Further, Subcontractor shall name the Contractor as an additional named insured in said policies and shall promptly furnish the Contractor certificates evidencing such coverage,

such insurance and/or certificates to contain an agreement to the effect that the insurer will notify the Contractor ten (10) days in advance should any of these policies be cancelled for any cause prior to expirations dated indicated for each policy listed below:

   a. **Workers' compensation insurance** coverage within the State of Mississippi with

   _____ Policy No. _____, expiring

   _____.

   b. **Comprehensive public liability insurance** coverage within the State of Mississippi with

   _____ Policy No. _____, expiring

   _____, with limits of _____ dollars.

   c. **Property damage insurance** coverage within the State of Mississippi with

   _____ Policy No. _____, expiring

   _____, with limits of _____ dollars.

   d. **Automobile/vehicle comprehensive liability and property damage insurance** coverage within

   the State of Mississippi with _____ Policy

   No._____ expiring _____, with limits of

   _____ dollars.

16) **Bonds.** The Contractor reserves the right to cancel this Contract without further notice unless a payment and performance bond, if such is required, in the amount of the contract price and executed by a surety acceptable to the Contractor is provided within ten (10) days of the date of this Contract. .

17) **License Requirements.** With respect to the work to be performed by Subcontractor under this contract, Subcontractor represents and warrants to Contractor that it is, and all times shall be, in full compliance with all applicable license requirements of the law relating to General Contractors per the laws of the State of Mississippi.

18) **Notice.** The address to which any notice should be forwarded under this Construction Contract shall be as follows:

   | Contractor: | Subcontractor: |
   |---|---|
   | Shular Contracting, Inc. | Keith Waits Construction Co., Inc.__ |
   | (1222 Gay Street) | _____ |
   | P.O. Box 490 | _____ |
   | Dandridge, Tennessee 37725 | _____ |

   or at such other address as may be from time to time designated in writing by either party to the other.

19) **Entire Agreement.** This Contract constitutes the entire agreement between the parties herein and may be modified only in written form signed by both parties.

20) **Attorney Fees/Costs.** In the event this Contract is turned over to an attorney for enforcement, Subcontractor shall be responsible to pay to Contractor, in addition to any other relief to which Contractor is or may be otherwise entitled, reasonable attorney fees and all costs incurred to the attorney for Contractor.

21) **Severability.** If any term or provision hereof is illegal, it will be severable from this contract and all remaining provisions will remain in full force and effect.

22) **Controlling Law.** This contract shall be construed according to and governed by the laws of the State of Mississippi.

23) **Additional Provisions:** (strike through if none)


   IN WITNESS WHEREOF, the parties hereto have executed this Construction Contract by their duly authorized representatives, on the day and year first above written.

CONTRACTOR:  SUBCONTRACTOR:

Shular Contracting, Inc.  Keith Waits Construction Co., Inc

By _____  By _____

Title ____VP____  Title ____Pres.____